# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Richmond Division

FILED
OCT -5 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA

V.

JAMES MASON, JR.
Defendant.

Case Number: 3:10MJ00249-001

USM Number:

Defendant's Attorney:
Charles Lewis, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count(s) One of the Criminal Information.

The defendant is adjudicated guilty of these offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. 1030(a)(6) | Fraud in connection with computers | Misdemeanor | 07/01/08 | One |

The defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

10/05/2010
Date of Imposition of Judgment

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: October 5, 2010

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 4 - Probation

Page 2 of 5

Case Number: 3:10MJ00249-001
Defendant's Name: JAMES MASON, JR.

# PROBATION

The defendant is hereby placed on probation for a term of Five (5) Years.

The defendant shall not commit another federal, state or local crime. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of probation.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF PROBATION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make notifications and to confirm the defendant's compliance with such notification requirement.

Case Number: 3:10MJ00249-001  
Defendant's Name: JAMES MASON, JR.

## SPECIAL CONDITIONS OF PROBATION

While on probation, pursuant to this Judgment, the defendant shall also comply with the following additional conditions;

1) The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the probation officer.

2) The defendant shall provide the probation officer with access to requested financial information.

3) The defendant shall perform 50 hours of community service to be completed within the first year of probation as directed by the Probation Officer.

4) As reflected in the presentence report, the defendant presents a low risk of future substance abuse and therefore, the Court hereby suspends the mandatory condition for substance abuse testing as defined by 18 U.S.C. 3563 (a)(5). However, this does not preclude the United States Probation Office from administering drug tests as they deem appropriate.

5) The defendant shall pay the balance owed on any court-ordered financial obligations in monthly installments of not less than $75.00 per months or 25% of the defendant's gross income, whichever is greater, until paid in full, commencing within 30 days after supervision begins. Payment of any unpaid balance shall become a special condition of probation. Nothing in the court's order shall prohibit the collection of any judgment or fine by the United States.

6) As directed by the probation officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
Sheet 5 - Criminal Monetary Penalties

Page 4 of 5

Case Number: 3:10MJ00249-001  
Defendant's Name: JAMES MASON, JR.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One | $25.00 | $0.00 | $28,987.08 |
| **TOTALS:** | **$25.00** | **$0.00** | **$28,987.08** |

No fines have been imposed in this case.

The defendant must make restitution (including community restitution) to the following payees in the amount listed below. If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. Section 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Count | Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|---|
| Parker Oil Company<br>P. O. Box 120<br>South Hill, VA 23970 | One | $28,987.08 | $28,987.08 | |
| **TOTALS:** | | **$28,987.08** | **$28,987.08** | |

Payments of Restitution are to be made payable to Clerk, U.S. District Court.

Restitution amount ordered pursuant to plea agreement $28987.08, joint and several, with Tony Mallory 3:10MJ201, Warren Harding 3:10CR163-01, Michael Peebles, Jr. 3:10MJ250-01 and Jvon Tucker 3:10MJ251-01.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case Page 6 of 6
Sheet 6 - Schedule of Payments

Defendant's Name: JAMES MASON, JR.
Case Number: 3:10MJ00249-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.